UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANAN EVANGELISTA, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CONVERGENT OUTSOURCING, INC. and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, SHANAN EVANGELISTA, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, CONVERGENT OUTSOURCING, INC. ("CONVERGENT"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Cape May County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CONVERGENT maintains a location at 800 SW 39th Street, P.O. Box 9004, Renton, Washington 98057.

8. Upon information and belief, CONVERGENT uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. CONVERGENT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants, which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from CONVERGENT concerning a debt owed to VERIZON WIRELESS, which contained the following statement:

    **If you have any questions about this account
    please contact our office toll free at 855-277-1310**

- The class definition may be subsequently modified or refined.
- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2

redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether the Defendants violated various provisions of the FDCPA including but not limited to:

        15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*

    b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. At some time prior to August 19, 2017, Plaintiff allegedly incurred a financial obligation to VERIZON WIRELESS ("VERIZON WIRELESS").

16. The VERIZON WIRELESS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The VERIZON WIRELESS obligation did not arise out of a transaction that was for non-personal use.

18. The VERIZON WIRELESS obligation did not arise out of a transaction that was for business use.

19. The VERIZON WIRELESS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. VERIZON WIRELESS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before August 19, 2017, the VERIZON WIRELESS obligation was referred to CONVERGENT for the purpose of collection.

22. At the time the VERIZON WIRELESS obligation was referred to CONVERGENT the VERIZON WIRELESS obligation was past due.

23. At the time the VERIZON WIRELESS obligation was referred to CONVERGENT the VERIZON WIRELESS obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

24. Defendants caused to be delivered to Plaintiff a letter dated August 19, 2017, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

25. The August 19, 2017 letter was sent to Plaintiff in connection with the collection of the VERIZON WIRELESS obligation.

26. The August 19, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. The August 19, 2017 letter is the initial written communication sent from Defendant to the Plaintiff.

28. Upon receipt, Plaintiff read the August 19, 2017 letter.

29. The August 19, 2017 letter contained the Defendant's contact information at the top right of the letter:

> **Convergent**
> Convergent Outsourcing, Inc.
> 800 SW 39th St./PO Box 9004
> Renton, WA 98057
> Mon-Fri 7AM-8PM & Sat 8-12PM PT
> 855-277-1310

30. The August 19, 2017 letter stated in part:

> This notice is being sent to you by a collection agency. The records of Verizon Wireless show that your balance of $758.87 is due in full.
>
> **If you have any questions about this account please contact our office toll free at 855-277-1310.** (emphasis added).

31. The August 19, 2017 letter also stated in part:

> **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**

32. The front letter August 19, 2017 letter contained a payment coupon.

33. Printed at the top of the payment coupon contained the telephone number 855-277-1310.

34. On the reverse of the August 19, 2017 letter, it stated in part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion

thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

35. Section 1692g(a)(3)of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

36. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

37. CONVERGENT knew or should have known that its actions violated the FDCPA.

38. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

39. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3);

40. On information and belief, Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

41. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43. The August 19, 2017 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing.

44. The least sophisticated consumer upon reading the August 19, 2017 letter would be confused as to what he or she must do to effectively dispute the alleged debt.

45. The least sophisticated consumer wishing to dispute the alleged debt would be confused as to what steps he or she should take to notify Defendants of his or her dispute.

46. The least sophisticated consumer upon reading the instructions in the August 19, 2017 letter would be misled into believing that if he or she wished to effectively dispute the alleged debt or any portion thereof, he or she may (1) notify Defendants by calling the telephone number(s) provided on Monday - Friday between 7 AM and 8 PM on Saturday between 8 AM - 12: PM - PT: or (2) write to Defendants at the address listed on the letter.

47. Defendants' instructions in the August 19, 2017 letter would cause least sophisticated consumer to be unsure as to what he or she must do to effectively dispute the alleged debt.

48. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

49. Defendants violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform Plaintiff in the August 19, 2017 letter, what he or she must do in order to dispute the alleged debt.

50. Defendants violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that if she wished to dispute the alleged debt or any portion thereof, that she may (1) notify Defendants by calling the telephone number(s) provided; or (2) write to Defendants at the address listed in the letter.

51. The August 19, 2017 letter is misleading because the instructions can be read to have two or more meaning, which one is inaccurate.

52. The August 19, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by calling Defendants at the telephone number(s) provided on Monday - Friday between 7 AM and 8 PM on Saturday between 8 AM - 12: PM - PT.

53. The August 19, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by notifying Defendants in writing at the address provided.

54. The August 19, 2017 letter can be read to mean that the least sophisticated consumer may request verification of the alleged debt by calling Defendants at the telephone number(s) provided.

55. The August 19, 2017 letter can be read to mean that the least sophisticated consumer may request verification of the alleged debt by notifying Defendants in writing at the address provided.

56. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

57. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

58. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

59. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

60. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

61. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney(s), Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

     (f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

     (g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: November 8, 2017

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.
> JONES, WOLF & KAPASI, LLC
> 375 Passaic Avenue
> Fairfield, New Jersey 07004
> (973) 227-5900 telephone
> (973) 244-0019 facsimile
> jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 8, 2017

> */s/ Joseph K. Jones*
> Joseph K. Jones, Esq.

# Exhibit A

ATERSO01
PO Box 1280
Oaks, PA 19456-1280
CHANGE SERVICE REQUESTED

AUG 2 9

AUG 2

**Convergent**
Convergent Outsourcing, Inc.
800 SW 39th St./PO Box 9004
Renton, WA 98057
Mon-Fri 7AM-8PM & Sat 8-12PM PT
855-277-1310

Date: 08/19/2017
Creditor: Verizon Wireless
Client Account #:
Convergent Account #:
Amount Owed:     $ 758.87
Total Balance:    $ 758.87

Shanan L & Shanan Evangelista

---

**Your Response is Requested**

---

This notice is being sent to you by a collection agency. The records of Verizon Wireless show that your balance of $ 758.87 is due in full.

If you have any questions about this account please contact our office toll free at 855-277-1310.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

---

**3 CONVENIENT WAYS TO PAY:**

Pay Online: verizonwireless.com/paymybill

Pay by Phone: Please call Convergent Outsourcing, Inc. at 855-277-1310.

Pay by Mail: Send Payments to Verizon Wireless, PO BOX 660108, Dallas, TX 75266-0108.

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

504629728
846ATERSO01B192

855-277-1310

Date: 08/19/2017
Creditor: Verizon Wireless
Client Account #:
Convergent Account #:

Total Balance:    $ 758.87

Amount Enclosed: US _____

Shanan L & Shanan Evangelista
35 Asbury Rd
Ocean City NJ 08226-4425

**New Address:**
Address: _____
City: _____ ST ____ Zip: _____
Daytime Phone: (____) ____-_____
Evening Phone: (____) ____-_____

If we are calling you in error, please call 855-728-9701 or visit our website at www.convergentusa.com.

Verizon Wireless
PO BOX 660108
Dallas, TX 75266-0108

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Notice about Electronic Check Conversion:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.